MACKAY TELEGRAPH & CABLE CO. v. MARTIN et al. (No. 2177.)*

(Court of Civil Appeals of Texas. Texarkana. Jan. 28, 1920. Rehearing Denied Feb. 12, 1920.)

COMMERCE ☞28 — TELEGRAPHS AND TELEPHONES ☞27—LIABILITY FOR NEGLIGENT FAILURE TO DELIVER INTERSTATE MESSAGE GOVERNED BY LAWS OF STATE OF CONTRACT.

Where there was continuous transmission of a telegraph message from a place in Mississippi to a place in Texas, the message was interstate commerce, and, where a separate agency in the latter state undertook to further its transmission to destination point, its liability for the negligent failure to deliver the death message was governed by the law of the state where the contract was made; and, where such law precludes damages for mental anguish alone, defendant telegraph company's requested peremptory instruction should have been given.

Appeal from District Court, Lamar County; A. P. Dehoney, Judge.

Action by Mrs. R. A. Martin and others against the Mackay Telegraph & Cable Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered for defendant.

The action is by the appellees for damages for alleged negligent failure of the appellant company to deliver to them a death message. The defendant answered by general denial, and pleaded, among other things, that the alleged telegram was an interstate message and that the laws of the state of Mississippi, where the message originated, deny any recovery for damages for mental anguish alone, and that the message was unrepeated, for which liability was restricted, as stipulated. The case was tried before a jury, and the verdict was in favor of the plaintiffs. Mrs. Ellen Jones, wife of Enox Jones

and the daughter of R. A. and L. H. Martin, died at her home in Rosedale, Miss., on the afternoon of February 25, 1918, between 4 and 5 o'clock p. m. Immediately after the death occurred, Mr. Enox Jones requested W. D. Forrest to prepare and deliver to the Postal Telegraph Commercial Cable Company at Rosedale, Miss., the following telegram:

"Rosedale, Miss., February 25, 1918.
"To R. A. and L. H. Martin, Paris, Texas.
"Your daughter, Enox Jones' wife, died this afternoon. Come at once or wire what to do.
"[Signed]    ,    .    W. D. Forrest."

Mr. Jones, acting through W. D. Forrest, paid the amount of the charges for the message through to Paris, Tex. The appellees lived in Paris, Tex. On the back of the telegram appears the following:

"1. The company shall not be liable for mistakes or delays in the transmission or delivery, or for nondelivery, of any unrepeated telegram, beyond the amount received for sending the same; nor for mistakes or delays in the transmission or delivery, or for the nondelivery, or any unrepeated telegram, beyond fifty times the sum received for sending the same, unless especially valued; nor in any case for delay arising from unavoidable interruption in the working of its lines; nor for errors in cipher or obscure telegrams.

"2. In any event the company shall not be liable for damages for any mistakes or delays in the transmission or delivery, nor for nondelivery of this telegram, whether caused by the negligence of its servants or otherwise, beyond fifty times the repeated telegram rate, at which amount this telegram, if sent as a repeated telegram, is hereby valued, unless a greater value is stated in writing hereon, at the time the telegram is offered to the company for transmission, and an additional sum paid or agreed to be paid based on such value equal to one-tenth of one per cent. thereof.

"3. The company is hereby made the agent of the sender, without liability to forward this telegram over the lines of any other company when necessary to reach its destination."

The Postal Company received the message from W. D. Forrest about 5 o'clock p. m., and the agent of the company immediately undertook to transmit the same. It appears without dispute that the message was received about 6 o'clock p. m. of the same day at Paris, Tex., by and over the Mackay Telegraph & Cable Company lines. The message as received by the agent of the Mackay Company at Paris appeared addressed to "R. A. L. Martin." The delivery clerk of the Mackay Company at Paris promptly searched for and failed to find a person by the name of "R. A. L. Martin." A service message was at once sent to the agent of the Postal Company at Rosedale, Miss., stating that the addressee could not be located, and asking for a definite address. That same night of

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*For opinion on motion for rehearing, see 218 S. W. 1071.

the 25th of February a reply message was received giving only the occupation of Martin as "a drayman in Paris, Tex." The appellees did not receive the message, and there was negligent failure, according to the evidence, to deliver the same to them. It was proven by the witness Malone that—

"At that time the Mackay Company conducted a telegraph and also a long-distance telephone service in Paris. They had both telegraph wires and long-distance telephone wires running from Dallas to Paris. * * * At that time, on the 25th and 26th of February, 1918, I was acting manager at the office of the Mackay Company at Paris. * * * This telegram from Rosedale came into possession of the Mackay Company at Dallas, Tex. I do not know whether the Mackay Company has a line between here and Rosedale or not, I suppose they have. I do know that this message, this particular one, came into the possession of the Mackay Company at Dallas, Tex."

There is no evidence that the Postal Telegraph Company has any telegraph or telephone line from Dallas, Tex., to Paris, Tex. The appellees admitted in the trial as follows:

"Yes, sir; we agree that under the laws of the state of Mississippi at the time of the sending of the message in question no recovery could be had in the courts of Mississippi under the state laws for damages for mental anguish, distress of mind, and mental pain, on account of the nondelivery of a telegram announcing the death of a relative of the addressee."

The petition of the appellees appears to allege a contract in their behalf with the Mackay Company in Texas. The petition alleges:

"For cause of action the plaintiff would show: That heretofore on or about the 25th day of February, 1918, his daughter Aminda Ellen Jones, the wife of Enox Jones, died at Rosedale, Miss., and that on the same day and date Enox Jones, the husband of the deceased, caused one W. D. Forrest to deliver to the Postal Telegraph Commercial Cable Company at Rosedale, Miss., the following telegram, to wit:

"'Rosedale, Miss., February 25, 1918.

"'To R. A. and L. H. Martin, Paris, Texas.

"'Your daughter Enox Jones' wife died this afternoon. Come at once or wire what to do.

"'W. D. Forrest.'

"That said company was at the time a telegraph company and was engaged in the business of sending and receiving telegrams for hire at Rosedale, Miss. That said company received said telegram and agreed to transmit the same as the agent of sender to a connecting carrier, which would transmit the same to Paris, Tex. That said company received said message about 5 o'clock p. m. on the 25th day of February, 1918, and immediately transmitted same to the defendant as the connecting line, and the defendant received the same at its office in the city of Dallas, state of Texas, a few minutes after 5 o'clock p. m. on the same day, and undertook to transmit the same to Paris, Tex., and deliver the same to the plaintiff or R. A. Martin.

"That said Enox Jones paid the said Postal

Telegraph Commercial Cable Company the sum of $1.15, the amount of the charges for said message through to Paris, Tex., and that the defendant received said message understanding that it would receive its charges from the receiving company, it being a custom for the receiving company to collect the entire charges and prorate the same with the connecting lines. And the defendant received its prorate part of said $1.15 for its services.

"That the contract of the receiving company provided, in substance, that it was to act as the agent of the sender in transmitting and delivering said message to a connecting line, and that when it had done so its liability would end, and it would not be responsible for its further transmission and delivery.

"That the defendant, upon receipt of said message as aforesaid, immediately transmitted said message to its office in the city of Paris, Tex., where it was received about 6 o'clock p. m. on the same day.

"Plaintiff says that the defendant negligently failed and refused to ever deliver said telegram, though by the use of ordinary care it could have done so in a very short time; that plaintiff lived in the city of Paris, on one of its public streets; that he was on the streets hauling nearly all the time."

But the appellant pleaded a general denial to the case as pleaded, and also pleaded the stipulations in the telegraph contract.

Spence, Haven & Smithdeal, of Dallas, for appellant.

C. A. Martin and C. N. Allen, both of Paris, for appellees.

LEVY, J. (after stating the facts as above). A peremptory instruction asked by the appellant was refused by the court, and error is predicated upon the ruling of the court. It is believed there was error in refusing the requested instruction, for, according to the evidence, the death message was an interstate message sent from Rosedale, Miss., to Paris, Tex., and as such was interstate commerce. And the laws of Mississippi where the message originated do not allow, according to the admitted facts, a recovery of damages for mental anguish alone as relied on in this case. Communication by telegraph is commerce, and messages passing from one state to another constitute such commerce. Tel. Co. v. Pendleton, 122 U. S. 347, 7 Sup. Ct. 1126, 30 L. Ed. 1187. And as there was to be a continuous transmission of the message in evidence from Rosedale, Miss., to Paris, Tex., the message was subject-matter of interstate commerce when the Mackay Company, as one of the agencies, undertook to further its transmission to the point of destination. Houston Navigation Co. v. Ins. Co., 89 Tex. 1, 32 S. W. 889, 30 L. R. A. 713, 59 Am. St. Rep. 17. Since the message is interstate, and the Mackay Company is merely one of the agencies employed in the furthering of the prompt transmission of the message, the liability of the Mackay

Company would be determined, it is thought, by the law of the state where the original contract was ·made. In this state the question is settled that the contract is controlled by the laws of the state where it is made. Tel. Co. v. Douglass, 104 Tex. 66, 133 S. W. 877; Tel. Co. v. Bailey, 184 S. W. 519; Id., 108 Tex. 427, 196 S. W. 516.

The judgment is reversed, and a judgment is here rendered in favor of the appellant.