## Ohio National Life Insurance Company v. Stagner.

(Decided March 13, 1928.)

Appeal from Calloway Circuit Court.

1. Appeal and Error.—The fact, suggested by appellee in his brief, that he has a certain disease, and that this is now conceded by all the physicians, not appearing in the evidence, does not help him on appeal by defendant insurance company from judgment dependent on appellee being presumably wholly and permanently disabled for gainful occupation.

2. Insurance.—Within a life policy providing for cessation of premiums and for monthly payments to insured, if he has been so disabled by injury or disease as presumably to be permanently, continuously, and wholly prevented for life from pursuing all gainful occupation, evidence held not to entitle insured to recovery.

HERSCHEL T. SMITH for appellant.

WEAKS & PHILLIPS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

At the time of the institution of this suit appellee had a policy in appellant, which was in full force and effect. The policy had attached to it a supplemental agreement or rider as follows:

"If the insured under the policy to which this is attached shall notify the company prior to attaining the age of 60 years, and while such policy is maintained in force by the payment of premiums, that he has been so disabled by bodily injury or disease as presumably to be permanently, continuously, and wholly prevented for life from pursuing any and all gainful occupation, the company, upon receipt of sat-

isfactory proof of such disability, will waive the payment of premiums as and when they become due under said policy during the continuance of such disability, and the values in the table of 'guaranteed values' in said policy shall increase from year to year in the same manner as if the premiums were paid by the insured; and, without impairment or reduction of the face or other values of the policy, the company will pay to the insured or his legal representative one per cent. per month of the amount insured under such policy, the first payment to be made at the end of the policy year in which disability occurs, and a like amount on the 1st day of each succeeding month, such payments to continue during the lifetime of the insured, or until the maturity of said policy as an endowment.

"The company shall have the right to examine the person of the insured at all reasonable times after receiving the notice of disability, and shall have the right, from time to time, but not oftener than once a year, during the continuance of the monthly payments provided for herein, to demand and receive proof of continuance of disability.

"Should the insurer recover, so as to be able to engage in any gainful occupation, the premiums thereafter falling due shall be paid by the insured in conformity with the policy, and the monthly payments provided for herein shall cease. There shall, however, be no obligation on the insured to repay the monthly payments already made or the premiums already waived hereunder."

Appellee bases his action on the alleged fact that prior to the institution of the suit he had become so disabled by disease as to presumably be permanently, continuously, and wholly prevented for life from pursuing any and all gainful occupation. This is denied by appellant. The face of the policy was $2,500, and the annual premium was $80.13. If appellee supported his cause of action by competent evidence, bringing his case within the terms of the supplemental agreement, he was entitled to recover $25 a month from the date he became so disabled, as well as the two premiums which he paid after the institution of his suit. If his proof did not bring him within the terms of the supplemental contract,

he was not entitled to recover. His suit was instituted on June 4, 1926. He admits that he was engaged, at least to some extent, in following his occupation after that date.

Counsel for appellee in his brief states that appellee's evidence "was to the effect that he had not been able to do practical work since September, 1925." Dr. R. M. Mason, his attending physician, testified that he had been in no condition to do manual labor since that date. We do not find, however, where Dr. Mason testified that the bodily ailment of appellee was such as presumably to permanently, continuously, and wholly prevent him for life from pursuing any and all gainful occupations. He stated that his disability was permanent, unless he should improve, and that, broadly speaking, is generally true. Dr. Mason testified that appellee had lost much weight, but a most careful examination which he had made of him failed to disclose the cause of his loss of weight. He testified frankly that he did not know what was the matter with him. He surmised that he might have pellagra, but he did not make a positive statement to that effect.

On the other hand, it is submitted by counsel for appellant that appellee, when he testified for himself, showed that he had not been prevented from following gainful occupation. He admitted that he had used his truck in making long trips, and that he had assisted in both loading and unloading the truck. He was in his office nearly all the time, but he stated that he did little other than to answer the telephone and make collections, contracts, and matters of that kind. It was incumbent on him to show the permanency of his disability, or to show facts from which a presumption would arise that his disability was a permanent condition.

It is suggested by counsel for appellee in his brief that the disease from which he is suffering is pellagra, and that it is now conceded by all the physicians that he has a well-developed case of pellagra. That does not help him any at this time so far as this record is concerned. That fact, if it is a fact, did not appear in the evidence. Counsel for appellee cite and rely on the cases of Consolidation Coal Co. v. Crislip, 217 Ky. 371, 289 S. W. 270; Fidelity and Casualty Co. of New York v. Bynum, 221 Ky. 450, 298 S. W. 1080. The provision in the policies under consideration in those cases was not

the same as the provision in this policy. Under the policy in this case appellee may recover for a disability which wholly prevents him from engaging in any gainful occupation, but the requirement in this contract goes further, in that it requires that the disability presumably must be permanent and for the life of the insured. It may prove to be otherwise, but the presumption of permanency must exist before there is any right of recovery.

We deem it unnecessary to go more into detail in stating the evidence. The evidence of appellee and his attending physician does not entitle him to recover, and, if the evidence should be the same on another trial, the court should give a peremptory instruction to find for appellant.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.