DORA WILLIAMS, COMPLAINANT, APPELLANT, *v.* INTERSTATE LIFE & ACCIDENT INSURANCE COMPANY, DEFENDANT, APPELLEE.

(*Knoxville,* September Term, 1931.)

Opinion filed November 14, 1931.

J. A. WALKER, for complainant, appellant.

HORACE M. CARR, for defendant, appellee.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

This is a suit on a life insurance policy. The cause was heard upon a stipulation of facts. The bill was dis-

missed by the chancellor, and the complainant has appealed.

The policy was issued on July 9, 1928, on the life of Nathaniel Wadley, and the complainant was named as beneficiary therein. The amount of the policy payable at death was $279, and the weekly premium paid was 15 cents. The insured was twenty-five years of age when the policy was issued, and he died on April 17, 1929. The policy was incontestable after twelve months from date of issuance, but contained the following provision:

"Unless otherwise stated in a waiver by the President or Secretary, this policy shall be void if the Insured, before its date, has been rejected for insurance by this or any other company, order or association, or has been attended by a physician for any serious disease or complaint, or has ever had before said date paralysis, cerebral hemmorrhage, tuberculosis, or other pulmonary disease or chronic bronchitis, asthma, cancer or any disease of the heart, liver, or kidneys and in the event of the death of the Insured within the first twelve (12) months from the date of the policy, due directly or indirectly to any of the above named causes or diseases, or from homicide, the liability of the Company will be limited to one-fourth (¼) of the sum otherwise payable."

It is stipulated that the insured died with pulmonary abscess, which we hold is a pulmonary disease. Upon the theory that the insured died within twelve months with one of the diseases stipulated above, the company settled with the beneficiary, Dora Williams, for one-fourth of the face value of said policy, to-wit, $69.75, and took a receipt from her for said sum on May 13, 1929, in full payment of her claim based upon said policy.

The chancellor dismissed the bill primarily upon the ground that there had been an accord and satisfaction between complainant and defendant. In view of the provision in the stipulation that "the only contest between defendant and complainant is contained in paragraph eight of the conditions of the policy contract," it is questionable whether defendant was not submitting the cause upon the merits and not relying upon its settlement with complainant.

Without passing upon that question, we are of the opinion that under the provision of the policy quoted above the company was only liable for the sum which it paid complainant. We see no reason why parties cannot contract for a limited liability in the event the insured dies within twelve months from a specified disease, and the authorities seem to hold such contracts valid.

In 14 Ruling Case Law, 1225, it is said:

"An insurer of life may, of course, make such exceptions from the risk assumed as it sees fit. It may provide that there shall be no liability on the part of the insurer if the insured die within a year from some cause or disease excepted from the general provision of the contract of insurance."

There is no error in the decree of the chancellor, and it will be affirmed.