# Equitable Life Assurance Society of the United States v. Arrowood.

(Decided March 20, 1934.)

WILLIAM MARSHALL BULLITT, BRUCE & BULLITT, and E. B. COCHRAN for appellant.

J. B. CLARK and KIRK & WELLS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The group insurance policy under which the appellee, Troy Arrowood, has recovered a judgment for $1,000 payable in monthly installments on account of alleged total and permanent disability, provides for such indemnity in the event that the insured, "within six months after the effective date of his insurance become totally disabled by bodily injuries arising wholly from accidental causes, or *shall more than six months after the effective date of his insurance, become totally disabled by* bodily injuries or *disease,* and in either of said events shall be so disabled as presumably to be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value," etc. (Our italics.)

Another provision material to the case is that providing that the insurance should cease upon the last day of the calendar month in which the insured's employment should terminate.

It will be observed that the policy does not provide insurance against total and permanent disability arising

from disease within the first six months after the policy became effective as to the individual person insured. This postponement of liability may have been substituted in lieu of a medical examination, since none was required. But regardless of its purpose the company had the right to make the exclusion from the risk it was assuming and it was competent for the parties to contract for such limitation of liability. 6 Couch on Insurance, sec. 1263, p. 4668; 14 R. C. L. 1225; Williams v. Insurance Co., 163 Tenn. 262, 43 S. W. (2d) 215; Dees v. National Casualty Co., (Tenn. App.) 66 S. W. (2d) 603.

The policy sued on was issued August 1, 1931, and the effective date of the health provision was therefore February 1, 1932. Arrowood's employment terminated either on February 24 or March 10, 1932. He claimed that due to illness he became totally and permanently disabled on December 29, 1931. We have therefore a case where it is claimed that the disease which totally and permanently disabled the insured had its incipiency within less than six months after the issuance of the policy and one month before the particular insurance became effective. Whether the policy should be construed as requiring that the disease resulting in total and permanent disability must originate or begin after the waiting period of six months does not seem necessary to decide. Conceding without deciding that the insured would have been entitled to recover if the disease commenced within that period and he became totally and permanently disabled after it had expired as the result of that disease, we are of the opinion that the plaintiff in this case did not establish his right to the indemnity.

The plaintiff testified that he became sick with influenza on December 23, 1931, and had not been able to do any work since that time; that he had the same disease when testifying (October 25, 1932); before that date he had been in good health; in February he had first discovered that there was something wrong with his heart and chest, and it was then that he quit work. Dr. Spencer testified that Arrowood had a mild case of lagrippe when he visited him on December 29th and that he was disabled for about a week on that account. On January 10th he had some aching joints, tonsilitis, and "now and then a little flare up of cold." One of his attending physicians had seen him last on February

29th and another on March 9th, and they testified that on those dates he had fully recovered and was able to go back to work. In October, 1932, shortly before the trial of this case, the plaintiff was examined at a hospital, and the attending physicians testified that he then was very nervous, emaciated, had a bad leakage of the heart, was also suffering with advanced pulmonary tuberculosis, and was then totally disabled. Neither of the doctors expressed an opinion as to what his condition might have been or was prior to the termination of his employment and consequent termination of the insurance. This disclosure of total and permanent disability was more than seven months afterward. Cf. Kingsland v. Missouri State Life Insurance Co. (Mo. App.) 66 S. W. (2d) 959.

The evidence shows pretty conclusively that the illness with which the insured had suffered during the waiting period of six months and a few days after that period had expired was temporary. It cannot be said to prove that the insured was then presumably permanently and totally disabled, which condition was necessary to be proven in order for him to recover under the policy. There is no evidence, either factual or opinion, tending to show that the disability found to exist in October, 1932, was the result of that previous illness, except the general statement of the plaintiff himself that he was suffering with the same disease. That is nothing more than a mere conclusion of a layman and is insufficient to establish the fact. American Accident Co. v. Fidler's Adm'x, 35 S. W. 905, 36 S. W. 528, 18 Ky. Law Rep. 161; Equitable Life Assurance Soc. v. Fannin, 245 Ky. 474, 53 S. W. (2d) 703.

The court should have directed a verdict for the defendant. Ohio National Life Insurance Co. v. Stagner, 223 Ky. 571, 4 S. W. (2d) 364; Mutual Life Insurance Co. v. Wheatley, 243 Ky. 69, 47 S. W. (2d) 961.

We do not pass upon the instruction which is criticized by the appellant, and the other points raised have been disposed of in other opinions delivered in this series of cases.

The judgment is reversed.