## Prudential Insurance Co. of America v. Broughton.

(Decided Feb. 23, 1934.)

R. W. KEENON and VINSON & MILLER for appellant.
P. H. VINCENT for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—Reversing.

The Prudential Insurance Company, on August 18, 1932, agreed to insure the life of Kenneth Broughton in the sum of $357 in consideration of weekly payments of 35 cents. The first payment was made on that day, and the company delivered a receipt which, among other things, read as follows:

"It is understood and agreed that there shall be no liability on the part of the Company on account of this payment unless and until it shall issue a policy, except that if death occur after the date hereof and of the application from which this receipt is detached and prior to the issue of such policy, payment of the amount thereof in accordance with and subject to the conditions and agreements therein contained shall be made, provided the insured was in sound health on the date of the application."

Kenneth Broughton died on August 29, 1932, and this suit was brought to recover the insurance. The policy had not been delivered. The company by its answer set up the above provision of the contract, and alleged that the insured was not in sound health on the day of the application. The issues were made up. On a trial before a jury, there was a verdict and judgment for the plaintiff. The defendant appeals.

The plaintiff showed on the trial, by members of the family and some of the neighbors, that Broughton appeared in good health; that he was going around and driving his car, and they saw nothing wrong with him. But it was admitted that he had been in a hospital at Ironton, Ohio, for ten days, shortly before the application for insurance. The defendant showed by Dr. W. F. Marting, the physician at the Marting Hospital in Ironton, Ohio, that on July 18 Broughton was admitted to the hospital and remained there until July 27; that he had an acute flare-up of an old, chronic Bright's disease, also an acute exacerbation of myocarditis,

which is an inflammation of the heart muscle; that these troubles were old, and in his judgment there was no cure for either disease. The defendant also showed by Dr. E. C. McGhee, a physician at Ashland, who was called to see Broughton on July 28, 1932, that he found him lying in bed suffering from an old chronic Bright's disease; also an acute flare-up of heart trouble, both incurable diseases, and that Broughton, in his judgment, could not have been in good health after that time. Dr. W. L. Gambill, a physician at the King's Daughters' Hospital at Ashland, testified that he was called to see Broughton on August 25, 1932, at the King's Daughters' Hospital; that he had an organic heart lesion. His heart compensation had ruptured; in other words, failed to the extent where it could not function properly. He testified that in his judgment it would not be possible for a man having that condition of the heart and other organs to have been in sound health a week prior. He examined him thoroughly.

There was no other medical testimony, and no other facts were shown. By the terms of the writing, the insurance took effect, provided the insured was in sound health on the date of the application. From the testimony of the three doctors it is clear that Broughton was not in sound health on August 18, for neither Bright's disease nor the form of heart trouble which he had take the form shown by their testimony in a few days. In the recent case of Metropolitan Life Insurance Co. v. Crawford's Adm'x, 244 Ky. 730, 51 S. W. (2d) 926, 927, on very similar evidence, the court said:

"All that this evidence shows is that Crawford was apparently a strong man, and took considerable exercise in hunting foxes, and as he fell and died from the effect of such exercise on his heart, there is absolutely no basis for the assumption that either his appearance or his ability to take exercise indicated that he was not suffering from heart disease. We are therefore constrained to hold that the evidence referred to did not tend to contradict the evidence of the physician that Crawford was suffering from a mitral lesion of the heart. That being true, he was in unsound health on the date of the policy, and appellant's motion for a peremptory instruction should have been sustained."

Under the facts here, the court should have in-

structed the jury peremptorily to find for the defendant.

The court should have sustained the objections of the defendants to the testimony of Lettie Broughton as to all matters and transactions with her husband. Prudential Insurance Co. v. Hodge's Adm'r, 232 Ky. 44, 22 S. W. (2d) 435.

Appeal granted. Judgment reversed, and cause remanded for further proceedings consistent herewith.