WESTERN UNION TELEGRAPH COMPANY v. T. C. DOUGLASS.

No. 2117.    Decided January 25, 1911.

**1.—Telegraph—Contract—Notice of Claim—Lex Loci.**

An agreement by the sender of a telegram that the carrier should not be liable for damages unless a claim therefor in writing was presented within 60 days was valid if good under the laws of Alabama, where the contract for transmission was made, though the suit for damages was in Texas, the contract for transmission partly to be performed there, and the stipulation for notice invalid under Texas Law. Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Texas, 187, followed. (Pp. 67, 68.)

**2.—Pleading—Non Est Factum—Verified Denial.**

When defendant pleads a written contract by plaintiff as a defense to the action, its execution can only be put in issue by plaintiff by a denial under oath as required by article 1192, Revised Statutes. Stevens v. Equitable Mfg. Co., 29 Texas Civ. App., 168, disapproved, and Reed v. Brewer, 94 Texas, 149, followed. (P. 68.)

**3.—Same.**

An answer alleging that a written contract plead in defense was executed, not by plaintiff or his authorized agent, but by another for his benefit, did not charge that the signature was the act of plaintiff nor require a sworn denial of its execution in order to entitle him to make proof of facts showing that he was not bound by such agreement. (Pp. 68, 69.)

**4.—Same—Case Stated.**

To a suit for damages for delay in delivering a telegram defendant pleaded that all messages were accepted for transmission subject to conditions requiring the sender to give notice of his claim for damages, which conditions were reduced to writing by its agent by authority of the sender. Held, that such plea did not charge plaintiff with the execution of such written contract; that he was not required to deny its execution under oath in his pleadings; that without such verified denial he could prove that the message was not written by him, but transmitted by telephone to the sending agent of defendant who wrote same and

signed the sender's name thereto upon a blank form for messages containing such stipulation for notice, and that the sender was ignorant of the contents of such form and the custom of requiring such provision for giving notice of claims, and did not assent to such contract to which his name was so signed by the agent of the telegraph company. (Pp. 67, 69.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Johnson County.

*Geo. H. Fearons* and *Ramsey & Odell,* for plaintiff in error.—Where the appellant had plead under oath that the contract for the transmission and delivery of the message in question was made in writing and contained stipulations and limitations of its obligation to appellee, and where the sworn plea of appellant was not denied under the oath by appellee, evidence that the contract was not in writing but was a verbal contract made over the telephone was not admissible.   Western U. Tel. Co. v. Hays, 63 S. W., 171.

*Odell & Johnson,·T. S. Wade* and *R. S. Phillips,* for defendant in error.

MR. JUSTICE WILLIAMS delivered the opinion of the court.

This is an action for damages for negligence of plaintiff in error (defendant) in failing promptly to deliver telegrams sent to defendant in error (plaintiff) from a point in Alabama to a point in Texas.   The defendant pleaded, as more fully shown below, that the contract for the sending of the telegrams was in writing and stipulated, among other things, that the company would not be liable for damages in any case where the claim is not presented in writing within sixty days after the message was filed with the company for transmission; and, in substance, that under the law of Alabama such contract was reasonable, valid and binding.   The law of Alabama as to such stipulation was shown to be as alleged, and the deposition of the sender of the message was taken and to his answers he attached messages written on the company's blanks on the backs of which were printed in the usual way the provision pleaded.   From further testimony of the sender and also of the defendant's operator who received the messages in Alabama, it appeared that the former did not write them on the blanks, nor actually file them, but communicated them orally over the telephone to the agent by whom, presumably, they were written down.

The contention which we shall first notice is based upon the state of the pleadings and the effect of articles 1192 and 1265, Revised Statutes.   It is that, the answer having alleged the execution by plaintiff of a contract in writing for the sending of the telegrams containing the stipulation relied on and this allegation not having been denied under the oath by the plaintiff, no evidence was admissible to show that such was not the contract, and that the court erred in allowing the plaintiff to introduce any evidence intended to show that the stipulation was no part of the contract and thus to escape its effect.

The Court of Civil Appeals disposed of the contention by holding that the stipulation affected only the remedy and therefore, the question as to its validity was controlled by the statute of this State (Rev.

Stats., art. 3397) which rendered it void, and that hence it was of no avail against the plaintiff's right to prosecute his action.

In the case of Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Texas, 187 (7 L. R. A., N. S., 191, 123 Am. St., 798), we considered and decided to the contrary a question almost identical. In that case the contract containing the stipulation for notice was not only made, but was wholly to be performed, in another State, while here the contract was alleged to have been made in Alabama and was to be performed partly in that State and partly in Texas. Whatever may be the effect that difference might have upon questions relating to performance, it is well settled that the question as to the legality and validity of the contract is controlled by the law of the State where it was made, and, therefore, if it were true that the stipulation in question was a part of a contract made in Alabama, the discussion in the case referred to would be fully applicable, and our statute would not apply to it.

We must, therefore, determine whether or not it is true that the plaintiff, on account of the condition of the pleading, is precluded by the articles of the statutes first referred to from showing that the stipulation was no part of a contract alleged by defendant to have been executed by him, or by his authority, in writing.

The plaintiff's petition did not in terms allege any contract between the parties. It simply alleged the delivery of the messages, the words of which were copied with the signature of the sender attached, to the company for transmission, the payment of the charges and the transmission thereof by the defendant, with other facts as to negligence and damage.

The answer, which defendant's counsel contends has the effect claimed for it, merely avers "that said contracts alleged to have been made by the defendant, if made at all, were made in writing with the stipulation," etc., (stating it) ; that it "was a material part of said contract," etc., and "that all messages accepted by it for transmission and delivery are required by it to be accepted subject to said condition and stipulation;" that the contracts aforesaid were made in writing by the defendant with one R. Hopkins, the sender and agent of plaintiff" in Alabama, etc. This statement will sufficiently show the state of the pleading on which the question depends.

We may remark, in the beginning, that the contention of counsel for plaintiff based on the remark in Stevens v. Equitable Mfg. Co., 29 Texas Civ. App., 168, 67 S. W., 104, to the effect that the statutory provisions regulating pleadings do not require the denial under oath by a plaintiff of the execution of an instrument in writing charged in the defendant's answer to have been executed by plaintiff, overlooks article 1192, and is contrary to the decision of this court in Reed v. Brewer, 94 Texas, 149.

We are of the opinion, however, that, upon a proper construction of the pleadings, the statute does not apply. That which is to be denied by either party under oath is the "execution by himself, or by his authority, of any instrument in writing, . . . charged to have been executed by him, or by his authority." If the telegrams in question are instruments in writing, which we shall not stop to consider, there is no question as to their execution by plaintiff or by his authority.

The signing—the execution, of them, is not charged to have been the act of the plaintiff, or of any one authorized by him to sign or execute for him. The execution is by Hopkins for plaintiff's benefit, but not as his act. The case is one of those well known in our courts in which the plaintiff sues upon a contract *executed,* not by himself or by his authority, but *by another* for his benefit. The characterization of the sender of the message as plaintiff's agent can not make the statute applicable when the execution of the instrument was done as the act of the former and not of the latter.

A plaintiff who sues upon a contract executed by another for his benefit, must, of course, accept the contract as it was made. He alleges its execution as a part of his case and must succeed or fail upon its provisions; but the statute under discussion has no application, where the defendant answers by alleging that the contract as made by another for plaintiff's benefit contained additional provision. Such a pleading raises other questions, but none under the statute.

We therefore hold that the court did not err in admitting evidence to show that the messages were communicated to the defendant's agent orally and that nothing was said of the stipulation upon the blanks on which they were afterwards written nor in instructing the jury to disregard the evidence as to such stipulation. We think there is no real conflict between the statements of the witnesses, that the messages, as produced, were "filed," and their subsequent explanation that they were communicated orally. The first statement evidently was made merely for the purpose of producing the messages and showing what they were and were not made to prove the manner of delivery to the company, nor with reference to the stipulation on the blanks.

The writ of error was granted under the impression that certain statements of the sender, drawn out by cross-interrogatories, were introduced in evidence, and tended to show that he had such knowledge of the telegraphic business and of the stipulations under which telegrams were received and sent by the defendant as to make it proper to submit to the jury the question whether or not he telephoned those in question with the understanding that they were to be received and written on the blanks and sent subject to those stipulations. But we find that those statements were not introduced in evidence. The point made upon them is that the entire deposition of the witness should have been suppressed because the witness evasively answered the cross-interrogatories, which point was correctly decided by the Court of Civil Appeals. As the case stands upon the evidence in the record, it appears that the defendant's agent received the message as telephoned, without mention of the stipulation and without any evidence of knowledge of its existence on the part of the sender, and the law is that such an unknown provision is not binding either as a part of the contract for the transmission of the messages, or as a regulation of the company. All the other questions were correctly decided by the Court of Civil Appeals.

*Affirmed.*

Ramsey, Associate Justice, having been of counsel, did not participate in this decision.