## OLIVE M. DAVERN v. TRAVELERS EQUITABLE INSURANCE COMPANY.[1]

June 17, 1927.

No. 26,160.

**Sick benefits under policy of health insurance did not begin with the sickness but the ensuing disability.**

Under a statutory provision in a policy of accident and health insurance there was a cancelation by the insurer "without prejudice to any claim originating" prior to the cancelation. Under the policy provisions referred to in the opinion, providing indemnity for disability for sickness contracted during the term of the policy, *held* that a claim originates not with the onset of the sickness but with the beginning of the disability.

Health Insurance, 29 C. J. p. 278 n. 4; p. 279 n. 10 New; p. 281 n. 44.

[1]Reported in 214 N. W. 468.

Plaintiff appealed from a judgment of the district court for St. Louis county, Freeman, J. Affirmed.

*Gannon, Strizich & Farnand,* for appellant.

*G. A. E. Finlayson,* for respondent.

STONE, J.

Action on a personal accident and health policy to recover sick benefits. After trial without a jury and findings for defendant, plaintiff appeals from the judgment. The policy insures "against loss or disability" as therein defined. The disability for which recovery is now sought resulted from "confining sickness" contracted by the insured during the term of the policy. Indemnity is also provided for nonconfining sickness "contracted by the insured" during that term.

The insured, Mr. Davern, within the term of the policy, contracted a disease with which he was continuously afflicted until his death some months after the cancelation hereinafter discussed. That disease, although incurable and fatal, did not result at first in disability. Except as about to be stated, it was neither confining nor nonconfining within the policy definitions. It was confining for a period of nine days from November 28, 1922, a claim for which was paid by defendant. Thereafter there was no disability and no confinement until after February 14, 1923, on which date defendant canceled the policy pursuant to a term thereof authorizing it so to do but "without prejudice to any claim originating prior thereto." Such a provision is authorized by statute, G. S. 1923, § 3418.

The question then is this: Given sickness contracted within the term of such a policy, can there be recovery for disability resulting from that sickness but beginning after cancelation?

The argument for plaintiff is that the indemnity provided, while measured by the resulting disability, is in fact "indemnity for sickness * * * contracted by the insured during the term of this policy." We have given that argument attentive consideration, mindful that in case of real uncertainty the issue would have to be

resolved for the insured under the familiar rule governing the interpretation of contracts of insurance. But, considering the whole contract, we find the conclusion irresistible that a claim thereunder *originates* not with the sickness but with the resulting disability, if any. No indemnity is provided for sickness alone, however serious and even though fatal, the only obligation against the insurer arising in case of disability. The claim for indemnity therefore begins with, that is originates with, the disability. Hence a cancelation is effective as against any claim for a disability beginning thereafter.

That is this case. Payment was made for all the disability there was before or which began before cancelation. After the cancelation, Mr. Davern suffered confining illness for some months before his death. But, as we have already seen, the claim for such disability originated with the disability itself, that is, after the cancelation and not with the sickness which was contracted before. The claim as such did not originate before cancelation, and so there can be no recovery. That view is, strongly supported by a provision of the policy that a "claim" for sick benefits "shall commence with the first, and cease with the last regular treatment of the attending physician, unless the claim ceases by time limitation." In health insurance, "each disability furnishes a new ground for a claim." Bolton v. Inter-Ocean Life & Cas. Co. 187 Mo. App. 167, 172 S. W. 1187. Successive periods of disability from the same disease give rise to separate claims. They have a common cause in the disease, but each, as a legal demand or "claim," originates with the onset of the disability.

Judgment affirmed.