THOMAS K. NICKOLOPULOS, PLAINTIFF-RESPONDENT, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided May 13, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the appellant, *Collins & Corbin* (*Edward A. Markley*, of counsel).

For the respondent, *Lum, Tamblyn & Colyer* (*James Raymond Berry*, of counsel).

PER CURIAM.

This appeal brings up for review a judgment for $500 recovered by the plaintiff below. The following facts appear from the record.

The plaintiff was the owner of a contract of insurance which, besides insuring his life, contained a covenant that entitled him to the sum of $250 a month if he should become permanently and totally disabled. The disability clause within which the plaintiff contends he has made out a proper case is as follows: "Disability shall be deemed to be total when it is of such an extent that the insured is prevented thereby from engaging in *any occupation* or *performing any work for compensation* of financial value, and such total disability shall be presumed to be permanent when it is present and has existed continuously for not less than three months; * * *." It clearly appears that the plaintiff was wholly and permanently disabled sometime during the year 1929,

suffering from a bone disease known as osteomyelitis. It is not disputed that he received compensation from the defendant corporation up to November, 1931, at which time the defendant stopped making payments; that the defendant didn't make payments of $250 per month for November and December, 1931; hence this suit under the policy.

The plaintiff proved that he had been in the hospital during the greater part of the year 1929; had had several operations, his leg for a great part of that period being in a cast. In February, 1931, he went to another hospital, remaining until sometime in April of that year. It also appears that he left the hospital and went to the seashore thereafter, returning in November, 1931, at which time he was able to walk with the aid of crutches.

There is no very substantial dispute about the facts in the case, the substance of the appeal being that the trial court, in charging the jury, said: "In order to recover for total disabilty, the plaintiff need not be so disabled as to prevent him from doing anything, even though the policy provides that the assured be prevented from performing any and every kind of business relating to his occupation. The word 'prevented' as used in this particular policy must be taken in connection with the rest of the policy and taken to mean that the plaintiff must be unfitted for his usual duties and be hindered and impeded in performing them." These instructions by the court were clearly erroneous. The court was apparently following the doctrine laid down in *Gross* v. *Commercial Casualty Insurance Co.*, 90 *N. J. L.* 594; 101 *Atl. Rep.* 169, which was a similar case but based on a differently worded policy. We are here concerned with the wording of the contract, quoted above, as to disability under which this plaintiff's rights and the defendant's liability must be determined. In the Gross case, disability was defined in the policy to mean being prevented from performing "any and every kind of business *pertaining to his occupation.*" In the instant case disability is defined in the policy to mean being prevented "from engaging in any occupation or performing any work for compensation of financial value." It

may well be that the plaintiff in this case could not perform any work for compensation of financial value. That of course was a question of fact, but the triers of the facts in this case were instructed by the court that disability meant, under this policy, being prevented from performing any and every kind of business relating to one's occupation. This was not the contract between the parties and it was error to instruct the jury that it was.

The judgment will be reversed, with costs.