## Aetna Life Insurance Co. of Hartford, Conn., v. Prater's Administratrix.

(Decided May 28, 1935.)

ALLEN & TACKETT for appellant.

J. L. HARRINGTON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

Wilbur Prater was insured by a group policy issued by the appellant to the employees of the Northwest Coal Company. On July 31, 1931, he, among many others, was laid off from work indefinitely in a general reduction of forces. His insurance was thereupon automatically canceled unless it should have developed that the layoff was temporary. Prater died August 11, 1932, of ulcer of the stomach. Several months later the insurance company was notified of his death and an informal request was made for payment of the indemnity for total and permanent disability under the terms of the canceled policy or certificate. On December 20, 1933, suit was filed by "Mahala Prater, Widow" to recover this indemnity as beneficiary. Later she qualified as administratrix and came in by amended petition as such fiduciary.

666

The widow was permitted to testify on interrogation by her counsel and also by the court concerning her deceased husband's physical condition during the period antedating his discharge, and as to other things, in clear violation of section 606 of the Civil Code of Practice, excluding testimony of a wife and also testimony of a beneficial party concerning transactions with a decedent. Prudential Insurance Co. v. Hodge's Adm'r, 232 Ky. 44, 22 S. W. (2d) 435; Lawson's Adm'r v. Brandenburg, 240 Ky. 68, 41 S. W. (2d) 201; Prudential Ins. Co. v. Broughton, 253 Ky. 83, 68 S. W. (2d) 782; Farmers' Exchange Bank v. Moffett, 256 Ky. 160, 75 S. W. (2d) 1063.

The widow as well as other laymen expressed opinions as to the insured's disability to labor and the state of his health. It has often been ruled that the admission of such character of evidence is confined to professional witnesses or experts. Equitable Life Assur. Soc. v. Fannin, 245 Ky. 474, 53 S. W. (2d) 703; Ætna Life Ins. Co. v. Wyant, 249 Ky. 562, 61 S. W. (2d) 50; Equitable Life Assur. Society v. Arrowood, 253 Ky. 456, 69 S. W. (2d) 984; Ætna Life Ins. Co. v. Gullett, 253 Ky. 544, 69 S. W. (2d) 1068.

With the incompetent evidence eliminated it is doubtful if there was sufficient evidence to take the case to the jury. But we refrain from passing upon that point, inasmuch as there will likely be another trial.

Judgment reversed.