## Minnesota Life Ins. Co. v. Vire.

(Decided May 15, 1936.)

THOMAS S. WALLER and NUNN & WALLER for appellant.

J. R. WELLS and H. PATE WELLS for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Reversing.

In 1929 appellant issued a life insurance policy to appellee, which carried a provision for the payment to insured of $30 per month during the continuance of total and permanent disability. In May, 1932, appellee, who had been insured against disability as a farm overseer or superintendent, filed suit alleging that she had become so disabled in November, 1932, as to entitle her to the indemnities guaranteed under the terms of the policy. She sought recovery of $120, four months' indemnity. She recovered a judgment for the amount named, but the verdict was set aside. The case was tried the second time with a like result, and on a third trial the case was withdrawn from the jury on account of matters arising during the trial which the court deemed improper.

On the fourth trial, March term, 1935, the case was again submitted to a jury, which returned a verdict for appellee in the sum of $840, the amount then claimed to be due her, because of cumulations at the rate of $30 per month from the time of her first claim, as evidenced by amendatory pleadings filed from time to time. On appeal here it is urged that the court permitted incompetent evidence to pass to the jury, and that the court erroneously gave instruction No. 5, which fixed the amount of recovery, the objection going not so much to the measure as to the period for which recovery should be allowed, if the jury first believed there was satisfactory evidence of total and permanent disability.

The incompetent evidence of which complaint is made consisted of the testimony of eight or nine witnesses, who, over objection, were permitted to tell the jury of what ailments Mrs. Vire had complained to them. In some instances, but not in all, they were allowed to give their opinions as to the character of disease or ailment from which Mrs. Vire was suffering

during the time. In a great many instances witnesses were permitted to say that in their opinions she was totally incapacitated by reason of her ailments, and from their observations she was unable by reason thereof to do any work. In other words, witnesses were permitted to give a diagnosis of her ailments; to tell the jury the result of Mrs. Vire's diagnosis, and their opinions as to the extent of her disability.

Several witnesses were permitted to testify that from their observations Mrs. Vire was unable to do any kind of work, thus expressing to the jury their opinions that the insured was totally disabled, which is ordinarily a question directed to medical experts, and is the question to be determined by the jury from the testimony of doctors, and other facts which may be competently detailed by lay witnesses.

It appears from the record that one physician did testify as to Mrs. Vire's condition, her ailments, and the extent of her disability by reason of the ailments, but it also appeared from the record that his treatment, observation, and diagnosis covered only about eighteen months of the period for which she sought to recover indemnity on the last trial. His testimony covered a period of time up to December 1, 1933, the date on which his deposition was taken, and the court made it rather plain to the jury that his proof only related to his treatment and observations up to the time of his testimony, and this fact makes the testimony of the lay witnesses all the more objectionable, since from the period covered by the pleadings from December 1, 1933, up to March, 1935, there was no testimony save that of lay witnesses. In Ætna Life Ins. Co. v. Gullett, 253 Ky. 544, 69 S. W. (2d) 1068, 1071, we held that it was improper to permit a lay witness to testify that in his opinion Gullett "was 'not able to and did not do the same amount of work that he had been able to do' * * * not being a physician, he was not qualified to express an opinion."

In Illinois Life Ins. Co. v. DeLang, 124 Ky. 569, 99 S. W. 616, 618, 30 Ky. Law Rep. 753, we said:

"No witness, not an expert, should be allowed to state his opinion that the insured had consumption or did not have it, or that he was in good health or bad health."

See, also, Cincinnati, N. O. & T. P. R. Co. v. Ross, 219 Ky. 824, 294 S. W. 460.

In Ætna Life Ins. Co. v. Prater's Adm'x, 259 Ky. 665, 83 S. W. (2d) 17, 18, we said:

"The widow as well as other laymen expressed opinions as to the insured's disability to labor and the state of his health. It has often been ruled that the admission of such character of evidence is confined to professional witnesses or experts. Equitable Life Assurance Society v. Fannin, 245 Ky. 474, 53 S. W. (2d) 703; Ætna Life Ins. Co. v. Wyant, 249 Ky. 562, 61 S. W. (2d) 50; Equitable Life Assurance Society v. Arrowood, 253 Ky. 456, 69 S. W. (2d) 984; Ætna Life Ins. Co. v. Gullett, 253 Ky. 544, 69 S. W. (2d) 1068."

In the case of Equitable Life Assur. Society v. Fannin, 245 Ky. 474, 53 S. W. (2d) 703, 706, we said that lay witnesses may testify as to the apparent vigor, strength, or physical appearances of another person, and as to the presence or absence in a person of symptoms indicating forms of disease of such common and well-understood nature as to be clearly within the knowledge of a layman, but that such lay evidence should be confined to facts within his knowledge and should not be permitted to extend to matters of opinion, "since he cannot diagnose diseases or give expert evidence with reference thereto." In that case the objectionable testimony appeared to be, "he had all the indications of a man with tuberculosis to me."

In the instant case, while much of the lay testimony was permissible, a great deal of it, including some of the testimony of the appellee, was permitted to take too wide a range, particularly such of it as undoubtedly were expressions of opinions, and this court cannot speculate on what the result might have been with such opinion evidence excluded from the jury. Ætna Life Ins. Co. v. Prater's Adm'x, supra. And because the evidence was permitted thus to go without legal bounds and to the extent that much of it was clearly inadmissible, the appellant should be awarded a new trial.

The objection to instruction No. 5, because of the fact it was based on an unusual situation arising on, and peculiarly applicable to the last trial, is not likely

to arise on another trial, hence will not be further discussed.

Judgment reversed, with directions to award appellant a new trial consistent with this opinion.