Argued June 7, affirmed with instructions July 13, 1972

PREVOSKY, *Appellant, v.* FIREMAN'S FUND
INSURANCE COMPANY, *Respondent.*

499 P2d 339

*Lawrence O. Gildea,* Eugene, argued the cause for appellant. With him on the briefs were Gildea, Speer & McGavic, P.C. and Stephen R. Blixseth, Eugene.

*Jack L. Mattison,* Eugene, argued the cause for respondent. With him on the brief were Jaqua, Wheatley & Gardner, Eugene.

TONGUE, J.

This is an action on an automobile casualty insurance policy to recover $1,000 in medical expenses allegedly incurred as the result of injuries sustained by plaintiff's stepdaughter, a member of his family, while riding in an automobile owned by a third party. Defendant demurred to the complaint on the ground that plaintiff did not have the legal capacity to sue because he was not the real party in interest, in reliance upon ORS 16.260 (2) and 13.030. The court sustained the demurrer. Plaintiff refused to plead fur-

ther and appeals from an order dismissing his complaint.

Plaintiff contends that the "lack of capacity" referred to in ORS 16.260 (2) refers to some legal disability such as infancy or idiocy and that the contention that the plaintiff is not the real party in interest must be raised by affirmative defense, rather than by demurrer. Plaintiff also contends that "[t]he demurrer, being founded upon ORS 13.030, is, in essence, an objection that plaintiff has not stated facts sufficient to constitute a cause of action in himself" and that "[w]hether plaintiff has a right to recover for these expenses depends upon the provisions of the insurance policy."

On that question, plaintiff contends that "[i]f medical expenses incurred on behalf of plaintiff's stepdaughter, a member of the household, are excluded from coverage, that fact is an affirmative defense which must be alleged and proved" and that "[t]he complaint states a cause of action in the plaintiff: It alleges that plaintiff incurred expenses which were covered by the insurance policy."

We agree that the basic question to be decided is whether plaintiff has alleged sufficient facts to constitute a cause of action in an action under an insurance policy and that whether plaintiff has a right to recover in such an action depends upon the provisions of the policy.[1]

---

[1] Since we decide the case on this basis it is not necessary to decide whether plaintiff is correct in his contention that "lack of capacity" for the purposes of ORS 16.260 (2) is limited to legal disability such as infancy or idiocy. But see Thompson v. Union Fishermen's Co-op. P. Co., 118 Or 436, 467-68, 235 P 694, 246 P 733 (1926). For the same reason, it is not necessary to decide whether the contention that plaintiff is not the real party in

■■ It is well established, of course, that in an action on an insurance policy the plaintiff must plead facts sufficient to bring the loss within the provisions of the policy. See 20A Appleman, Insurance Law & Practice 255, § 11861 (1963); 19 Couch on Insurance 2d 123, § 76.185 (1968). For this purpose it is also essential that the complaint allege facts sufficient to show that the plaintiff sustained or suffered a loss. Couch on Insurance, *supra,* 145, § 76.218. See also *Dullum v. Northern Life Ins. Co.,* 169 Or 233, 237, 127 P2d 749 (1942), and *Service v. Sumpter Valley Ry. Co.,* 88 Or 554, 587, 171 P 202 (1918).

■ This complaint, however, does not allege any facts sufficient to show that plaintiff's stepdaughter was an insured under the medical payment provisions of plaintiff's policy or that plaintiff himself paid or incurred the medical expenses or that he was responsible for their payment, so as to have a right of recovery in himself for such expenses.[②]

---

interest is one which normally must be raised as an affirmative defense unless that fact appears on the face of the complaint.

[②] Plaintiff's Second Amended Complaint alleges only:

"III

"That on or about the 31st day of May, 1969, while plaintiff's step-daughter, Kathryn Susan Bottom, age 15 years, a member of his family, was riding in a certain 1963 Corvette automobile owned and operated by Neil E. McClain, said automobile left the highway and collided with a power pole, severely injuring said step-daughter necessitating hospital and medical expenses in excess of $1,000, the total coverage for medical expenses under said insurance policy.

"IV

"That on November 4th, the plaintiff caused defendant through its local agency to be duly notified and demand was made for payment of $1,000 for medical expenses incurred on behalf of said step-daughter as a result of said automobile accident."

Plaintiff may be correct in his further contention to the effect that it was not necessary to expressly allege that he paid or incurred such expenses because it was alleged that he was the stepfather of the injured girl and a person in loco parentis, including a step-parent, is responsible for the necessary expenses incurred in the maintenance, care and education of a child, with the same rights and duties as a natural parent.[8] Plaintiff properly concedes, however, that the fact that he was the stepfather of the injured person does not of itself impose any such duty and expressly concedes that the assumption of the relationship is a question of intention.[9] This complaint alleges that the stepdaughter lived with plaintiff as a member of his family.[10] It does not, however, allege that plaintiff was in a relationship of loco parentis with his stepdaughter or that he intended to assume the responsibilities of that relationship.

Of more importance, however, is the fact that this is not an action by one in loco parentis to recover from a wrongdoer, in an action in tort, for injuries sustained by a child or expenses incurred as a result of such injuries. On the contrary, this is an action on a contract of insurance under which plaintiff's right of recovery depends upon the provisions of the insurance contract.

■ We do not agree with plaintiff's contention that if the policy does not cover his stepdaughter, that fact is a matter to be pleaded by defendant as an affirmative defense. On the contrary, we hold that because

[8] Citing Belmont v. Black et al, 218 Or 514, 523, 346 P2d 367 (1959), and Sargent v. Foland, 104 Or 296, 306, 207 P 349 (1922).

[9] See Belmont v. Black et al, 218 Or 514, 523, 346 P2d 367 (1959).

[10] Cf. Sargent v. Foland, 104 Or 296, 306, 207 P 349 (1922).

this complaint does not allege facts sufficient to show that plaintiff's stepdaughter was an insured person under the terms of that policy, the complaint is insufficient under ORS 16.260 (6) for failure to state facts sufficient to constitute a cause of action.[*]

■ The order of the lower court sustaining defendant's demurrer to plaintiff's complaint is affirmed. It does not necessarily follow, however, that plaintiff's complaint must be dismissed. In *Coblentz v. State Ind. Acc. Com.*, 203 Or 258, 265-67, 279 P2d 503 (1955), we held that the general rule that upon an appeal from a judgment upon demurrer in the trial court, a judgment of affirmance here is final, is subject to exceptions. Thus, we held in *Coblentz* that when there are special circumstances, this court may, in order to avoid a possible injustice, remand the case to the trial court and allow the trial judge, in his discretion, to permit plaintiff to plead further. To the same effect, see *Spencer v. B. P. John Furniture Corp.*, 255 Or 359, 366, 467 P2d 429 (1970).

In this case defendant did not demur upon the ground that the complaint failed to allege facts

---

[*] Defendant's original demurrer was not on this ground. It is elementary, however, that the failure of a complaint to state facts sufficient to constitute a cause of action can be raised by defendant at any time, including appeal, although in such an event the complaint "must be liberally construed." Kelly v. Tracy, 209 Or 153, 162, 305 P2d 411 (1956).

Defendant has also attempted to raise on appeal the contention that the complaint was demurrable under ORS 16.260 (4) for failure to join the natural parents of the stepdaughter. That contention, however, was waived by failure to demur on that ground at the time of trial. ORS 16.330. In addition, as pointed out by plaintiff, the issue in this case is plaintiff's right of recovery under the terms of the insurance contract to which he is a party, rather than the right of recovery of the parents or stepparents for personal injuries sustained by a child. See 19 Couch on Insurance 2d 96, § 76.137 (1968).

sufficient to constitute a cause of action—the basis upon which we hold that the complaint was insufficient. For this reason, and under all of the circumstances of this case, we believe that this is a case in which the rule of *Coblentz* should be applied to avoid possible injustice.

Accordingly, if the facts are such that plaintiff can allege a cause of action within the rules set forth in this opinion, he may apply to the trial court for leave to file an amended complaint.