Argued and submitted November 23, 1994, reversed and remanded June 21, 1995

Frank BLACHLY
and Cindy Blachly,
as Guardians Ad Litem for
Calvin and Kelsie Blachly,
*Appellants,*

*v.*

PORTLAND POLICE DEPARTMENT,
City of Portland and State of Oregon
(Multnomah County District Attorney),
*Defendants,*

*and*

STATE OF OREGON
(Children's Services Division),
*Respondent.*

(9303-01393; CA A82236)

898 P2d 784

Helen T. Dziuba argued the cause and filed the briefs for appellant.

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge,* and De Muniz and Leeson, Judges.

De MUNIZ, J.

---

* Riggs, P. J., *vice* Rossman, P. J., retired.

## De MUNIZ, J.

Plaintiffs appeal from a judgment dismissing their complaint for negligence. The court granted defendant Children's Services Division's (CSD) motion to dismiss pursuant to ORCP 21 A(8). On review, we accept as true the allegations in plaintiffs' third amended complaint and inferences that may be drawn from the allegations. *Madani v. Kendall Ford, Inc.*, 312 Or 198, 201, 818 P2d 930 (1991); *Loewen v. Galligan*, 130 Or App 222, 882 P2d 104, *rev den* 320 Or 493 (1994). We reverse.

Plaintiffs are guardians *ad litem* for their two minor children, Kelsie and Calvin Blachly. From July 5, 1989 to March 13, 1991, the two children were in a home day care facility operated by Cheri and Norman Baker. The Bakers' day care facility was not certified by CSD. In October 1990, the foster mother of two other children, the Blehm children, informed one of CSD's caseworkers that her two foster children had been physically and sexually abused while they were in day care at the Bakers' facility. The Blehm children subsequently told their counselor, an agent of CSD, that the Bakers' minor son, Justin, was the perpetrator of the abuse. The Blehm children also told the counselor that the Bakers were caring for more than seven children at a time in their home and that Justin had abused other children.

In December 1990, a new caseworker was assigned to the Blehms' case, and the Blehms' foster mother informed the new caseworker about the suspected abuse. The new caseworker was also informed about the possibility that other children had been abused. On March 13, 1991, Justin sexually abused plaintiffs' two children. Justin was later found to be within the jurisdiction of the Multnomah County Juvenile Court.[1]

Plaintiffs subsequently filed this lawsuit against the State of Oregon and CSD, as the state's agent.[2] They alleged,

---

[1] Plaintiffs do not allege the date that Justin was found to be within the jurisdiction of the juvenile court.

[2] Plaintiffs also sued the City of Portland, through its agent the Portland Police Department, and the State of Oregon, through its agent the Multnomah County District Attorney. The City of Portland and Portland Police Department were dismissed by stipulated judgment; the Multnomah County District Attorney was dismissed voluntarily by omission from plaintiffs' third amended complaint.

*inter alia*, that when CSD received a report of abuse it had a duty to investigate and determine the nature and cause of the abuse pursuant to ORS 418.760.[3] Plaintiffs also alleged that CSD had a duty to protect and prevent further abuse of their children "or others similarly situated" by providing protective social services pursuant to "ORS 418.762 subsection (2)." According to plaintiffs, their children were harmed because of five wrongful acts or omissions of CSD.[4] On CSD's motion to dismiss for failure to allege ultimate facts sufficient to constitute a claim under ORCP 21, the court dismissed plaintiffs' complaint with prejudice.

Plaintiffs assign error to that dismissal. Their first argument is that CSD owed them several different special duties pursuant to statute and that CSD's breach of those duties caused their children to be abused. They cite *Brasel v. Children's Services Division,* 56 Or App 559, 642 P2d 696 (1982), as authority that CSD owed them a special duty under ORS 418.805 to ORS 418.890 to establish health and safety standards for day care facilities, investigate reports of child abuse and ensure compliance with day care certification standards by inspection and investigation.[5] They also assert

---

[3] In 1993, the legislature repealed ORS 418.760 and ORS 418.762 and reenacted and renumbered those provisions as ORS 419B.020 and ORS 419B.025. Or Laws 1993, ch 546, § 141; Or Laws 1993, ch 546, § 16; Or Laws 1993, ch 622, § 7a; Or Laws 1993, ch 546, § 17. It also renumbered ORS 418.805 to ORS 418.890, *infra,* as ORS 657A.250 to ORS 657A.460, and added new provisions to those sections. *See* Or Laws 1993, ch 733, § 1; Or Laws 1993, ch 344, §§ 31-44; Or Laws 1993, ch 469, § 6.

[4] Plaintiffs alleged that "Defendant, State of Oregon, through its agent, the Childrens Services Division was negligent in one or more of the following specifics:

"1. For failing to investigate the reports of abuse of October to December, 1990, sufficiently to detect:

"a. The daycare provider's non-compliance with ORS 418.810.

"b. Conditions which endangered the well-being of plaintiffs, and others in the protected class.

"2. For failure to investigate the Baker's daycare center under provisions of ORS 418.810(1) and (2).

"3. For failure to fully investigate or cause a full investigation of the Baker's daycare to ensure the safety of plaintiffs and others similarly situated.

"4. For failure to enjoin the Baker's from conducting a day care center following receipt of a child abuse incident, under the provisions of ORS 418.870.

"5. For failure to provide or cause to be provide[d] under the provisions of ORS 418.762 subsection (2), protective social services to prevent further abuses or to safeguard victims welfare."

[5] Plaintiffs' complaint does not allege that CSD breached its duties under ORS

that CSD had a special duty to investigate reports of child abuse pursuant to ORS 418.760(1), and to prevent further abuse under ORS 418.760(2) and ORS 418.805 to ORS 418.890. They argue, alternatively, that they stated a claim for relief by alleging that CSD's failure to investigate violations of the certification requirements and abuse at the Bakers' day care facility unreasonably created a risk of the type of harm that befell their children. *See Buchler v. Oregon Corrections Div.*, 316 Or 499, 853 P2d 798 (1993); *Fazzolari v. Portland School Dist. No. 1J*, 303 Or 1, 734 P2d 1326 (1987).

■ We first determine whether a "special relationship," which " 'takes the claim out of the general standards of common law negligence,' " existed between plaintiffs and defendant. *Dikeman v. Carla Properties, Ltd.*, 127 Or App 53, 59, 871 P2d 474 (1994) (quoting *Rex v. Albertson's, Inc.*, 102 Or App 178, 180-81, 792 P2d 1248, *rev den* 310 Or 422 (1990)). "It is only when there is no * * * special relationship, status, or conduct that *Fazzolari's* general foreseeability principle * * * comes into play." *Buchler*, 316 Or at 504; *see also Faverty v. McDonald's Restaurants of Oregon*, 133 Or App 514, 892 P2d 703 (1995).

■ We disagree with plaintiffs' assertion that the day care certification statutes create a special relationship between CSD and their children. In *Brasel*, the parents of a child who died as a result of injuries suffered at a CSD certified day care center brought a wrongful death action against CSD. They alleged that CSD had issued a certificate to a facility that did not meet the certification requirements of ORS 418.805 to ORS 418.890 and that they entrusted their daughter to the facility. We held that those allegations sufficiently alleged a duty to investigate and a breach of that duty. 56 Or App at 565. CSD owed the plaintiffs a duty to inspect and investigate, under ORS 418.805 to ORS 418.890, because they were prospective users of a state-certified day care facility. *Id.* at 564. CSD's duty to inspect and investigate inhered from its certification of the day care facility. CSD's

418.805 to ORS 418.890; it alleges CSD's failure to investigate and enjoin the operation of the Bakers' day care center as examples of negligence. *See* n 4. We address the question of whether ORS 418.805 to ORS 418.890 create a special relationship and duties, because the issue is likely to arise on remand. *See* ORCP 23.

certification of the facility created a special relationship between CSD and prospective users whereby CSD had a duty to ensure continued compliance with the certification requirements. We also held that the plaintiffs' allegation that their daughter was injured, because CSD failed to investigate reports of child abuse at the facility, sufficiently alleged causation to withstand a motion to dismiss for failure to state a claim. *Id.* at 565.

■ The legislature established specific requirements for the operation of day care facilities in ORS 418.805 to ORS 418.890. It delegated the responsibility for administering those requirements to CSD.[6] CSD decides whether a facility meets the criteria for certification. *See* ORS 418.815.[7] It adopts rules establishing the minimum standards for the operation of certified facilities. It also has authority to inspect both certified and uncertified facilities and to enjoin the

---

[6] *See State v. Greene*, 285 Or 337, 346-47, 591 P2d 1362 (1979) (Linde, J., specially concurring) (state laws, enacted by politically accountable legislators, grant state officials the authority to act, prescribe who may exercise that authority and define the circumstances and manner in which the authority may be exercised).

[7] ORS 418.815 provides:

"A person applying for a certificate of approval for a day care facility shall demonstrate to the satisfaction of the Children's Services Division that:

"(1) The moral character and habits of the person will not endanger the well-being of children for whom the person is to provide care.

"(2) The attitude of the person toward children and understanding of their needs qualify the person to care for children.

"(3) The person is physically and mentally capable of caring for children.

"(4) The facility and its operation are adequate to protect the health, the safety and the physical, moral and mental well-being of the children to be cared for in the facility, including but not limited to:

"(a) Adequate staffing by suitable persons qualified by education or experience to meet their respective responsibilities in the care of children.

"(b) Adequate physical facilities for care of children, such as building construction, sanitation, plumbing, heating, lighting, ventilation, maintenance, indoor and outdoor activity areas and fire protection.

"(c) A program of activities conforming to recognized practices in the areas of child welfare, education and physical and mental health to provide opportunity for development and recreation.

"(d) Exclusion from the facility of individuals whose presence may be detrimental to the welfare of children, including exclusion of any individual with a criminal record indicating conviction of any crime which would bar the individual from operating or being employed in a day care facility under ORS 418.820."

operation of any facility, without prior administrative proceedings, for noncompliance with the certification requirements. *See* ORS 418.850(2); ORS 418.850(1); ORS 418.870.[8] However, nothing in ORS 418.805 to ORS 418.890 indicates that the legislature intended the certification statutes to create a special relationship between CSD and users of uncertified day care facilities. Thus, we conclude that CSD did not owe plaintiffs a special duty under ORS 418.805 to ORS 418.890.

■  Even assuming that the certification statutes create a special relationship between CSD and plaintiffs, their complaint still fails to state a claim. Plaintiffs alleged that CSD was negligent, because it failed to investigate reports that the Bakers were caring for more than seven children at a time in violation of ORS 418.810(1).[9] However, plaintiffs provide no explanation of how that alleged negligence caused their children to be harmed. Plaintiffs do not allege a causal connection between CSD's breach of its alleged duty to inspect and investigate violations of ORS 418.810(1) and their children's harm. In contrast, in *Brasel*, the plaintiffs adequately alleged a causal connection, because they asserted that CSD's failure

[8] ORS 418.850 provides:

"(1) Whenever an authorized representative of the Children's Services Division is advised or has reason to believe that a day care facility is providing day care to six or more children without a certificate of approval, the authorized representative may visit and inspect the premises of the facility at any reasonable time to determine whether the facility is subject to the requirements of ORS 418.805 to 418.885.

"(2) An authorized representative of the Children's Services Division may inspect the premises of any day care facility to which a certificate of approval has been issued at any reasonable time to determine whether it is in conformity with ORS 418.805 to ORS 418.885 and the rules promulgated pursuant thereto.

"(3) The director and operator of a day care facility shall permit an authorized representative of the division to inspect records of the facility and shall furnish promptly reports and information required by the division."

ORS 418.870 provides:

"Without the necessity of prior administrative proceedings or hearing and entry of an order or at any time during such proceedings if they have been commenced, the Children's Services Division may institute proceedings to enjoin the operation of any day care facility operating in violation of ORS 418.805 to 418.885 or the rules promulgated pursuant thereto."

[9] ORS 418.810(1) provides:

"No person shall operate a day care facility caring for seven or more children without a certificate of approval for such facility from the Children's Services Division."

to investigate a past incident of child abuse allowed the existence of conditions that caused their child to be harmed. 56 Or App at 564. Accordingly, the court did not err in concluding that plaintiffs failed to state a claim arising out of CSD's failure to investigate reports that the Bakers were violating the day care facility certification requirements contained in ORS 418.805 to ORS 418.890.

Plaintiffs also assert that CSD had a duty to investigate reports of child abuse and prevent further abuse, arising out of a special relationship created by ORS 418.760(1) and ORS 418.760(2). CSD responds that ORS 418.760(1) requires it to initiate an investigation into the nature and cause of the abuse of a child upon receipt of a report. It asserts that ORS 418.760(2) only requires it to provide protective services to "the child or children who are reported and believed to have been abused." It further asserts that the complaint implies that an investigation occurred and does not indicate that plaintiffs' children had been abused when the investigation occurred.

ORS 418.760(1) requires CSD to "immediately cause an investigation to be made" upon receiving a report of child abuse.[10] CSD asserts that it did not owe plaintiffs a duty under ORS 418.760(1), because "[n]o one reported to CSD that the plaintiffs[' children] were abused in the Baker home, the plaintiffs were not among the 'other children' to whom the Blehm sisters referred in their reports and interview, and the plaintiffs[' children] were not abused until two-and-one-half months *after* the Blehm sisters' interview." (Emphasis CSD's.) CSD does not dispute that it has a duty to investigate when suspected victims of abuse are brought to its attention. The question is whether references in the complaint to "other children" as abuse victims was sufficient to trigger CSD's duty to investigate under ORS 418.760(1).

■■ The complaint alleges that the Blachly children were cared for at the Bakers' day care facility from July 5, 1989, to March 13, 1991. Paragraph 7 of the complaint alleges that the

---

[10] ORS 418.760(1) provides, in part:

"(1) Upon receipt of oral report required under ORS 418.750, the Children's Services Division or the law enforcement agency shall immediately cause an investigation to be made to determine the nature and cause of the abuse of the child * * *."

Blehms told their CSD counselor "that there were in excess of seven children being cared for * * *, others of whom had also suffered abuse." Paragraph 8 alleges that the Blehms' foster mother informed their new caseworker "of the sexual abuse of the children and that other children were being abused in the Bakers' residence." Nothing in the complaint leads to the conclusion that plaintiffs' children were not among the "other children" identified as victims of abuse. The fact that plaintiffs' children were not abused until March 1991 does not relieve CSD of its duty to investigate. That duty is triggered when CSD receives a report of abuse. ORS 418.760(1). Here, the Blehms and their foster mother identified the other victims as children being cared for by the Bakers. A finite group of children at the Bakers' day care facility were identified as suspected victims of abuse. That was sufficient to create a special relationship under the statute and for CSD to initiate an investigation. The complaint states a claim by alleging that CSD's breach of its duty to investigate caused plaintiffs' children to be abused.

■      Next, we turn to plaintiffs' argument that they stated a claim that CSD breached its duty to provide protective services and prevent further abuse. ORS 418.760(2) requires CSD to provide protective services if "the investigation establishes reasonable cause to believe that abuse has occurred" and "to prevent further abuses to the child."[11] There must be more than a report of child abuse before CSD is required to provide protective services. That interpretation is supported by the statutory context within which ORS 418.760(2) occurs. ORS 418.760(1) describes when an investigation is required, and ORS 418.760(3) to ORS 418.760(5) describe CSD's duties after a child is taken into protective custody. ORS 418.760(1) to ORS 418.760(5) thus describe the sequence of events that occurs when CSD receives a report of abuse. The subsection requiring investigation precedes the

---

[11] ORS 418.760(2) provides:

"If the law enforcement agency conducting the investigation finds reasonable cause to believe that abuse has occurred, the law enforcement agency shall notify by oral report followed by written report the local office of the Children's Services Division. The Children's Services Division shall provide protective social services of its own or of other available social agencies if necessary to prevent further abuses to the child or to safeguard the child's welfare."

subsection describing protective custody and follows the subsection describing how CSD is to respond to a report. The text and context of ORS 418.760 support the conclusion that CSD did not have a duty to provide protective services to plaintiffs' children, because there had not been an investigation establishing cause to believe that the children had been abused. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993).

■     Because we conclude that plaintiffs stated a claim that CSD breached its duty arising out of a special relationship created by statute, we need not address their argument that CSD's failure to investigate unreasonably created a risk of the type of harm that befell their children. The trial court erred in dismissing plaintiffs' complaint.

Reversed and remanded.